IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RODERICK J. BROWN, #M9704                                            PETITIONER

VS.                                    CIVIL ACTION NO. 4:09CV148TSL-JCS

JACQUELYN BANKS, WARDEN                                      RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the court on Respondent Jacquelyn Bank's motion to dismiss (docket no. 4) pursuant to 28 U.S.C. § 2244(d). Petitioner has failed to respond, and for reasons the explained below, the undersigned recommends that the motion to dismiss be granted.

FACTS AND PROCEDURAL HISTORY

On June 12, 2001, Brown pled guilty to aggravated assault in the Circuit Court of Lauderdale County, Mississippi. For his crime, he received a twenty-year sentence, with the entire sentence to be suspended and a five-year term of supervised probation. Thereafter, on November 19, 2002, Brown's probation was revoked and he was ordered to serve the original twenty year sentence in the custody of the Mississippi Department of Corrections. On June 10, 2004, Brown filed a petition for post-conviction collateral relief, which was denied by the trial court. On August 7, 2007, the Mississippi Court of Appeals affirmed the denial. Brown v. State, 989 So. 2d 882 (Miss. App. 2007). The Mississippi Supreme Court denied certiorari on August 7, 2008. Thereafter, on November 9, 2009, pursuant to the "mailbox rule," Brown filed in this court his petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1]

---

[1] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the

DISCUSSION

In his petition, Brown challenges his 2001 conviction and sentence, maintaining that the writ of habeas corpus should be granted in his favor because his due process rights were violated during both his plea hearing and his sentencing hearing.[2] Respondent did not answer the petition, but instead moved for dismissal on the ground that the petition is untimely. In light of the court's conclusion that respondent's motion should be granted, it will not address the substantiative issues presented in Brown's petition.

Respondent points to the revised 28 U.S.C. § 2244(d) as the basis for his motion. Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially

---

plaintiff for delivery to the court is considered the time of filing for limitations purposes. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. See United States v. O'Kaine, 971 F. Supp. 1479, 1480 (S.D. Ga. 1997)." Punch v. State of Louisiana, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

[2] As Brown challenges his 2001 conviction and sentence of probation, which was an appealable judgment, and not his 2004 revocation, the earlier date is used to make the statute of limitations determination. See Caldwell v. Dretke, 429 F.3d 521, 527 (5th Cir.2005) (probation and deferred adjudicated probation orders found to satisfy the "in custody" habeas requirement and to serve as final judgments for AEDPA statute of limitations purposes).

>recognized by the Supreme Court, if the right has been newly
>recognized by the Supreme Court and made retroactively
>applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims
>presented could have been discovered through the exercise of due
>diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Because Brown filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that Brown's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B-D), respondent argues that the petition is untimely. According to respondent, Brown had until July 12, 2002, to timely file his petition in this court, and, instead, he filed it on November 9, 2009. The court's review of the relevant dates demonstrates that respondent is correct.

Brown pled guilty on June 12, 2001. Although there is a statutory prohibition against appeals from guilty pleas,[3] the Mississippi Supreme Court has established an exception in cases alleging an illegal sentence. See Burns v. State, 344 So. 2d 1189 (Miss. 1977) (establishing rule that Mississippi Supreme Court had jurisdiction to hear appeal attacking sentence). Pursuant to the exception, Brown had thirty days in which to file his appeal with the Mississippi Supreme Court. Brown did not perfect an appeal within thirty days. Accordingly, the undersigned agrees with respondent that petitioner's conviction became final, and the statute of limitations for filing

---

[3] See Miss. Code Ann. § 99-35-101 ("Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.").

3

federal habeas relief began to run, on July 12, 2001, thirty days after the entry of his guilty plea in the trial court. Accordingly, without the benefit of tolling,[4] Brown's petition was due in this court on or before July 12, 2002. Brown's petition, filed in this court on November 9, 2009, was over seven years too late. Because Brown's petition is untimely under 28 U.S.C. § 2244, the undersigned recommends that respondent's motion be granted.

## CONCLUSION

Accordingly, for the reasons stated above, respondent's motion to dismiss should be granted, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 24th day of March, 2010.

---

[4] Because Brown's application for post-conviction relief in the state court was filed after the deadline for filing his federal habeas petition in this court, it cannot serve to toll the AEDPA's one-year statute of limitations. Scott v. Johnson, 227 F. 3d 260, 263 (5th Cir. 2000) (state habeas application "did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired") (emphasis in original). Further, Brown's petition does not purport to assert any "rare and exceptional circumstances" which would warrant equitable tolling. See Fisher v. Johnson, 174 F. 3d 719, 712 (5th Cir. 1999) (equitable tolling of ADEPA's one-year limitation period is appropriate in "rare and exceptional circumstances").

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE